**STATE of Missouri, Plaintiff-Respondent,**

v.

**Marlo B. HODGES, Defendant-Appellant.**

No. SD 34477

Missouri Court of Appeals,
Southern District,
Division One.

Filed September 13, 2017

Attorney for Defendant-Appellant: Margaret M. Johnston, Columbia, Missouri.

Attorneys for Respondent: Joshua D. Hawley, Attorney General, and Robert J. Bartholomew, Assistant Attorney General, Jefferson City, Missouri.

GARY W. LYNCH, J.

A jury found Marlo B. Hodges ("Defendant") guilty of burglary in the first degree, robbery in the first degree, and two counts of armed criminal action, *see* sections 569.160, 569.020, and 571.015, respectively.[1] On appeal, Defendant argues that "[t]he trial court abused its discretion in preventing [Defendant] from asking Detective Barb, 'You waited five weeks to talk to the defendant?'" Because the alleged error is not preserved for our review, Defendant's argument is rejected and the trial court's judgment of his convictions is affirmed.

## Factual and Procedural Background

Defendant does not challenge the sufficiency of the evidence to support his convictions. In short, the evidence, in the light most favorable to the verdict, *State v. Lammers*, 479 S.W.3d 624, 632 (Mo. banc 2016), was that on May 23, 2011, Defendant, while wearing a mask, ran into Leonard Rogers's ("Victim") home, put a pistol to Victim's face, hit Victim in the head with the gun repeatedly, and said "Where is the drugs [sic] at?" Defendant then took off the mask and Victim recognized him as someone that he had had drug transactions with in the past. Victim did not have any drugs to give to Defendant so he gave him all of the cash that he had, $75.00. Defendant handcuffed Victim and searched Victim's home before leaving.

Following the jury's guilty verdict, the trial court sentenced Defendant to 15 years' imprisonment for burglary, 15 years' imprisonment for armed criminal action, 30 years' imprisonment for robbery, and 30 years' imprisonment for armed criminal action with all sentences to run concurrently. Defendant timely appeals.

## Discussion

Defendant's sole point relied on states:

The trial court abused its discretion in preventing [Defendant] from asking Detective Barb, "You waited five weeks to talk to the defendant?", in violation of [Defendant's] right to present a defense, to due process, and to a fair trial, guaranteed by the 6th and 14th Amendments to the United States Constitution and Article I, §§ 10 and 18(a) of the Missouri Constitution, in that counsel's question was designed to attack the credibility of both Det. Barb and his investigation and elicit evidence that the detective's delay resulted in the loss of crucial defense evidence, and the court's ruling that the question would cause the jury to ask, "Where is that interview?" was arbitrary, unreasonable, and clearly against the logic of the circumstances, was prejudicial to [Defendant's] right to present a defense, and the state cannot prove that the error was harmless beyond a reasonable doubt.

---

1. Statutory references are to RSMo 2000.

Defendant contends that the trial court's alleged error is preserved for our review under Rule 29.11(d) because his after trial motion raised the issue and it was denied. While that satisfies one preservation requirement, it alone is not sufficient. Preservation of an alleged error in excluding evidence also requires an offer of proof.

Christopher Barb, a detective with the Springfield Police Department, testified on direct examination that the case was assigned to him on May 30, 2011. Before cross examination and outside the presence of the jury, Defendant's counsel sought to clarify with the court whether he was precluded from impeaching Detective Barb "by mentioning the fact that he interviewed [Defendant.]"[2] Specifically, Defendant wanted to ask, " 'You waited five weeks to talk to the defendant?' "

The trial court ruled:

All right. This is what I'm going to permit. I think it is beyond the scope, and I think there is a provision that we have to stick to the scope, but let's assume that you're correct on that. I'll allow you to ask, "Did you interview Che?" I'll allow you to ask if he interviewed Doug Shockley. I'll permit those things. I think, when you ask the question, though, "Did you interview Marlo Hodges?" you're going to have the jury sitting out there saying, "Where is that interview?" and I'm not going to permit that. Okay? I'll allow you to ask if you interviewed such and such and such and such. I 'm not going to allow you to ask about an alibi because that would be bringing up basically self-serving statements from Mr. Hodges that he gave an alibi, and I'm not going to permit that; but I will allow you to ask, "Did you interview this person? Did you interview that person?"

Following the trial court's ruling, Defendant requested a mistrial but took no further action.

Defendant's claim of trial court error in preventing him from asking the question " 'You waited five weeks to talk to the defendant?' " is premised upon Defendant's implicit assumption in his point and argument that Detective Barb would have given an affirmative answer to that question. Otherwise, in the absence of a purported answer with which to give the question evidentiary value and context, there can be no trial court error in merely preventing the asking of a question. This is so because a question posed by counsel, standing alone, is not evidence. *Storey v. State*, 175 S.W.3d 116, 153 (Mo. banc 2005); *In re Cozart*, 433 S.W.3d 483, 489 (Mo. App. 2014). Nothing in the trial record supports that Detective Barb would have given an affirmative answer to the question, other than what, at best, might be described as a similarly implied assumption or appearance that defense counsel anticipated an affirmative answer.

"When a trial court sustains an objection to proffered evidence, the party offering the evidence must demonstrate its relevancy and materiality by way of an offer of proof to preserve the matter for appellate review." *State v. Pittman*, 167 S.W.3d 232, 239 (Mo. App. 2005). "[E]ven upon cross-examination, where it appears defense counsel has knowledge of an antic-

---

**2.** The interview was videotaped and allegedly contained denials by Defendant. The trial court had previously communicated to the parties that the State would be permitted to introduce the videotape of the interview under the statements-by-a-party-opponent exception to the hearsay rule. If the State chose not to introduce the video, the Defendant would not be allowed to do so because from Defendant's vantage the statements were merely self-serving hearsay.

ipated answer, error in refusing evidence is not preserved for review unless an offer of proof is made." *State v. Randleman*, 705 S.W.2d 98, 101 (Mo. App. 1986). Failure to make an offer of proof preserves nothing for appellate review. *Pittman*, 167 S.W.3d at 239.

Defendant failed to make an offer of proof concerning Detective Barb's testimony he now argues was wrongfully excluded.[3] His failure to make an offer of proof preserves nothing for our review. *Id.* In the absence of an offer of proof, any discussion of Defendant's point would be advisory. *State v. McCullum*, 63 S.W.3d 242, 260 n.15 (Mo. App. 2001). Because Defendant's point was not preserved for appellate review, it is denied.

### Decision

The trial court's judgment of convictions is affirmed.

MARY W. SHEFFIELD, P.J.—concurs

DON E. BURRELL, JR., J.—concurs

---

**3.** "An offer of proof must show three things: 1) what the evidence will be; 2) the purpose and object of the evidence; and 3) each fact essential to establishing the admissibility of the evidence." *State v. Tisius*, 92 S.W.3d 751, 767 (Mo. banc 2002). Because a question posed by counsel is not evidence, *Storey*, 175 S.W.3d at 153; *Cozart*, 433 S.W.3d at 489, Defendant should have supplied Detective Barb's answer to the proposed question in order to comply with the first requirement.